# Case No. 25-10297-DD

### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT



**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**

**APR 0 1 2026**

**David J. Smith**
**Clerk**

**Lawrence Meadows**

*Plaintiff-Appellant*

v.

**American Airlines, Inc.**

*Defendant-Appellee*

**Appeal from the United States District Court
for the Southern District of Florida**

**Case No. 1:24-cv-20518-DPG**

---

### APPELLANT'S REPLY BRIEF

---

Dated: March 30th, 2026

Lawrence M. Meadows
1900 Sunset Harbour Dr., 2112
Miami Beach, FL33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com
**Pro Se Appellant**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, Lawrence M. Meadows ("Meadows"), pursuant to Eleventh Circuit Rule 26.1-1, submits this Certificate of Interested Persons and Corporate Disclosure Statement. The following parties have an interest in the outcome of this case or appeal:

1. American Airlines, Inc. (Appellee);

2. American Airlines Group Inc. (corporate parent of Appellee);

3. DellaBetta, Matthew M. (Appellee's counsel);

4. Gayles, Hon. Darrin P. (United States District Judge);

5. Goodman, Hon. Jonathan (United States Magistrate Judge);

6. Kolaya, Timothy A. (Appellee's counsel);

7. Meadows, Lawrence (pro se Appellant);

8. O'Melveny & Myers LLP (Appellee's counsel's firm);

9. Robertson, Mark W. (Appellee's counsel);

10. Stumphauzer Kolaya Nadler & Sloman, PLLC (Appellee's counsel's firm);

11. Stumphauzer, Ryan K. (Appellee's counsel);

12. Wood, Kelly S. (Appellee's counsel); and

13. Zarrow, Jason (Appellee's counsel).

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned

certifies that he is a natural person and not a corporation.

**Lawrence M. Meadows**
*Pro Se* Appellant

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT...................................................……...……...... C1

TABLE OF CONTENTS.................................…..........................…....……........ i

TABLE OF AUTHORITIES.........................…..........…....…....…....…........ iii

ARGUMENT.......................…..........................................................…....... 1

I. INTRODUCTION: AMERICAN'S DEFENSES COLLAPSE UNDER THE
WEIGHT OF ITS FRAUD ON THIS COURT..............................................….... 1

II. AMERICAN PERPETRATED A FRAUD ON THIS COURT BY
PROFFERING A SETTLEMENT AGREEMENT PREDICATED ON A
DEMONSTRABLY FALSE PRETEXT............................................…....…..…..... 3

A. American Knowingly Misrepresented the Status of Grievance 12-011...........…... 4

B. American Mischaracterized Grievance 12-012 to Create a False Distinction.... 5

III. AMERICAN'S FRAUD IS IRREFUTABLE PROOF OF PRETEXT, AND
ITS SUBSTANTIVE DEFENSES FAIL AS A MATTER OF LAW AND
EQUITY........................................................................................…...…..… 6

A. The Doctrine of Unclean Hands Bars American's Reliance on Estoppel…........ 6

B. The Settlement Agreement Is a New, Discrete Act of Retaliation That Renders
Appellant's Claims Timely and Establishes a Viable ADA Claim...............…..… 8

C. American's Reliance on *Stanley* Is Eviscerated by its Own Discriminatory
Actions.....................................................................................…....…..…..… 9

D. Appellant's ADA Claims Are Not Preempted by the Railway Labor Act...... 10

CONCLUSION........................................…..........................…...…...........…..… 12

CERTIFICATE OF COMPLIANCE......................…......…........................... 14

CERTFICATE OF SERVICE……………………………………...…………. 16

# TABLE OF AUTHORITIES

## Cases

*Batuyong v. Gates*, 337 F. App'x 451 (6th Cir. 2009)................................. 10

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)........................... 3

*Brown v. Illinois Central R.R. Co.*, 254 F.3d 654 (7th Cir. 2001).................... 11

*Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994)............................. 11

*In re AMR Corp.*, 2022 WL 1556398, at *1........................................... 4

*Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276 (11th Cir. 2005)... 11

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)......................... 8

*New Hampshire v. Maine*, 532 U.S. 742 (2001)....................................... 7

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806 (1945)... 8

*Pyles v. United Air Lines, Inc.*, 79 F.3d 1046 (11th Cir. 1996)..................... 11

*Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)............................ 3

*Stanley v. City of Sanford*, 83 F.4th 1333 (11th Cir. 2023)................. 1, 3, 9, 10

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278 (11th Cir. 1997)............................................................................... 9

*Williams v. Montgomery*, 742 F.2d 586 (11th Cir. 1984).............................. 9

## Statutes

42 U.S.C. § 12111(8) Americans with Disabilities Act ("ADA").................... 10

45 U.S.C. §151 et. seq. Railway Labor Act ("RLA")................................. 10

## Rules

Fed. R. App. P. 32………………………..……………………………..…… 14

Fed. R. Civ. P. 11(b)(3)………………………………………………………… 3

**ARGUMENT**

## I. INTRODUCTION: AMERICAN'S DEFENSES COLLAPSE UNDER THE WEIGHT OF ITS FRAUD ON THIS COURT

Appellee American Airlines, Inc. ("American") asks this Court to affirm a dismissal predicated on procedural defenses - estoppel, timeliness, and a flawed misapplication of *Stanley v. City of Sanford*, 83 F.4th 1333 (11th Cir. 2023). These arguments are a smokescreen designed to obscure the merits of its discriminatory and retaliatory refusal to reinstate formerly disabled Appellant Lawrence Meadows - now a fully qualified individual who meets all essential job functions of an American Airlines pilot – who was targeted for engaging in protected activity. This strategy of obstruction, however, has now crossed into sanctionable misconduct before this very Court.

At its own request, American moved to supplement the record with a settlement agreement it claims justifies its actions (ECF No. 30). This Court granted the motion, making the agreement part of the appellate record (ECF No. 40). That agreement is a confession of pretext. It is predicated on a material and demonstrably false statement: that Appellant's individual reinstatement "Grievance 12-011" seeking reinstatement was "disposed of and closed ... in 2013." (Appellant's Supplemental Appendix ["ASA"] at 2, ¶ 2).[1] As this brief will demonstrate, record

---

[1]    All citations to the Appellant's Appendix filed with the opening brief are designated as "(AA, Vol. [I, II, or III], Tab [##], at [p. ##])," referencing the

evidence - including prior federal court orders to which American was a party and which were explicitly cited in Appellant's Opening Brief - proves this is a fabrication.

American's fraud is the ultimate proof of pretext.

It shows American had to invent a reason to exclude Appellant from the return-to-work process ("RTW") it offered to the other formerly disabled MDD[2] pilots who were "Identified Individuals" in the settlement agreement - proving its true motive was retaliatory. This misconduct eviscerates American's procedural defenses. A party that comes to Court with unclean hands cannot seek refuge in equitable doctrines like estoppel.

---

district court ECF docket number used as the tab and the page number from that specific district court pleading. Citations to the separately filed Appellant's Supplemental Appendix are designated as "(ASA at [p. #])."

[2]    MDD ("Medically Disability Dropped from AA Seniority List") is the classification for pilots administratively dropped from the seniority list for exceeding five years on disability, which the pilots' union, the APA, protested was a violation of the American pilots' collective bargaining agreement ("CBA') and past practice. The "Identified Individuals" in the settlement agreement were all MDD pilots. (ASA at 2, ¶ 1). Of the 55 MDD pilots who obtained FAA medical certification and sought reinstatement, only three were denied: Appellant, Kathy Emery, and Susan Twitchell. All three had sued American and their union, the APA, and filed EEOC charges. Emery and Twitchell took settlements waiving reemployment rights, leaving Appellant as the only MDD pilot denied reinstatement. (AA, Vol. I, Doc 22, at p. 6, n.2).

2

The fraudulent settlement agreement itself is a new, discrete act of retaliation, rendering Appellant's claims timely and viable. And American's reinstatement of other MDD pilots proves its reliance on *Stanley* is disingenuous. For these reasons, the district court's judgment must be reversed.

## II. AMERICAN PERPETRATED A FRAUD ON THIS COURT BY PROFFERING A SETTLEMENT AGREEMENT PREDICATED ON A DEMONSTRABLY FALSE PRETEXT

An attorney's duty of candor to the tribunal is paramount.

By filing its Motion to Supplement, American's counsel certified that its factual contentions had evidentiary support after a reasonable inquiry. Fed. R. Civ. P. 11(b)(3). American's failure to adhere to this basic standard is spectacular. Such conduct amounts to a fraud on the court, which is "distinguished by the fact that it is a wrong against the institutions set up to protect and safeguard the public." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[3] By proffering a settlement agreement predicated on a demonstrably false statement of fact, American has engaged in precisely such a scheme.

This conduct is not merely sanctionable; it provides this Court with dispositive, record-based evidence that American's stated rationale for its actions was pretextual.

---

[3]    Decisions of the former Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

## A. American Knowingly Misrepresented the Status of Grievance 12-011.

The settlement agreement states the reason for Appellant's exclusion is that his **individual reinstament "Grievance 12-011" was "disposed of and closed... in 2013..."** (ASA at 2, ¶ 2). This is false, and the record proves it.

**First,** on September 5, 2014 - a year after the Appellant's individual reinstament grievance 12-011was supposedly "closed" - the Honorable Judge Sean H. Lane of the U.S. Bankruptcy Court for the Southern District of New York ordered that, notwithstanding any injunction, **"Meadows shall be permitted to arbitrate Grievance 12-011..."** (AA, Vol. II, Tab 76, Ex. D, at p. 22).

**Second,** on November 8, 2021, Judge Lane issued a subsequent order stating: **"The Stipulation does not affect Grievance No. 12-011 (02/04/12 Meadows, Lawrence) ...** and the parties retain their respective legal positions on the validity and status of those grievances." (AA, Vol. II, Tab 76, Ex. E, at p. 25).

**Third,** the record reflects that Appellant's **Grievance 12-011 specifically alleged that American, in response to Appellant's disability, had engaged in "improper assertions and actions" related to his "employment status, seniority, and discharge" in violation of the CBA and the ADA.** (*In re AMR Corp.*, 2022 WL 1556398, at *1, cited in AA, Vol. II, Tab 76, at p. 9). Furthermore, in a 2022 proceeding related to the bankruptcy, American's own counsel confirmed on the record that **"the process of fully litigating Grievance 12-011 ... is unaffected by**

4

debtors' objection…[and] is on a separate track." (*Id.*, cited in AA, Vol. II, Tab 76, at p. 11).

Appellant's Opening Brief put American on direct notice of this history. (Op. Br. at 11-12, 14, 16, 38-39, n.8). For counsel to then proffer a document claiming the opposite is not an innocent mistake. It is an intentional misrepresentation.

**B. American Mischaracterized Grievance 12-012 to Create a False Distinction.**

American's motion to supplement focused exclusively on the **collective, class-action style reinstatement Grievance 12-012**, arguing Appellant was different from the reinstated pilots because he received a "notice of termination" and they did not. (ECF No. 30 at 2). This argument is defective for two reasons.

**First,** American deliberately ignores the dual nature of Grievance 12-012, which not only protested the company's violation of the CBA and past practice not only for **"failing to provide pilots notice of termination prior to terminating employment status of pilots who have been on inactive status, unpaid sick, or disability for more than five years"**, but also for **"failing to reinstate pilots to the Pilots' Seniority System List."** (AA, Vol. I, Doc 67, Ex. 5). The grievance was always about seeking reinstatement of MDD pilots like Appellant, a fact American now conveniently omits.

**Second,** the settlement agreement itself concedes the sole initial notice Appellant received from a non-supervisory administrator "may not have been

compliant in form." (ASA at 2, ¶ 2). The record shows why: it was not issued by Appellant's supervisor, his Miami Base Chief Pilot (the only individual with authority to terminate a pilot), and failed to provide him the "just cause" due process rights of initial notice, investigation, hearing and final written notice guaranteed by Section 21 of the CBA. (AA, Vol. I, Doc 67, ¶ 31). American's attempt to build a wall between Appellant and the other pilots is based on a "non-compliant" notice they admit was likely invalid.

## III. AMERICAN'S FRAUD IS IRREFUTABLE PROOF OF PRETEXT, AND ITS SUBSTANTIVE DEFENSES FAIL AS A MATTER OF LAW AND EQUITY

### A. The Doctrine of Unclean Hands Bars American's Reliance on Estoppel.

American's primary defense is that Appellant is judicially estopped from pursuing his claims because a prior court deemed him "terminated." (Appellee Br. at 19-25). This argument fails on the facts, misrepresents the prior court's ruling, and is barred by American's own misconduct.

**First,** American's factual premise is flawed. Notwithstanding the "terminated" label, Appellant has, since 2011, continuously received collectively bargained long-term disability benefits, under American's Pilot Long Term Disability Plan and Retirement Benefit Plan, in the form of taxable "Pilot Employee" W-2 wages, a full "Active Pilot Employee" benefits package, and continuous uninterrupted accrual of pension "Credited Service." (AA, Vol. I, Doc 67, ¶¶ 41-47,

6

Exs. 7-15). As detailed in Appellant's Opening Brief, the governing collectively bargained plan documents for these benefits define participants as "Employees" and provide that participation ceases upon "Resignation or Discharge." (Op. Br. at 42-43). American's attempt to use a single word taken out of context to erase Appellant's substantive and ongoing employment relationship is disingenuous; under the plain and unambiguous terms of these plans, Appellant remains a "Participant" and an "Employee."

**Second,** American misrepresents the bankruptcy court's holding. While Judge Lane did use the term "terminated," he immediately qualified it by holding that Appellant's status did not extinguish his right to be reinstated. As the record reflects, Judge Lane stated: "[G]iven your status, whether it's an administrative separation or a termination, you're somebody who has it sounds like has a right to seek a position if you get [FAA] medical clearance..." (AA, Vol. I, Doc 67, Ex. G at 66:22-67:4) (emphasis added). American's estoppel argument conveniently ignores this crucial context, which recognizes the very "changed circumstance" - obtaining an FAA medical certificate - that gives rise to this ADA claim.

Finally, even if American's argument were not so factually and legally flawed, the equitable doctrine of judicial estoppel is unavailable to a party who has acted in bad faith. Judicial estoppel is an equitable doctrine whose purpose is to "protect the integrity of the judicial process." *New Hampshire v. Maine,* 532 U.S. 742, 749-50

7

(2001). It is not a technical trap for the unwary. Here, American seeks to benefit from this equitable doctrine while simultaneously perpetrating a fraud on this very Court. The overriding doctrine of unclean hands dictates that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).

American's blatant and documented misrepresentation to this Court regarding the status of Appellant's Grievance 12-011 constitutes precisely the type of inequitable conduct that bars equitable relief. American cannot defraud this Court with one hand while asking for the equitable protection of estoppel with the other.

## B. The Settlement Agreement Is a New, Discrete Act of Retaliation That Renders Appellant's Claims Timely and Establishes a Viable ADA Claim

American argues that Appellant's claims are time-barred and that he fails to state a viable claim for post-termination retaliation. (Appellee Br. at 28-38). This is wrong. The 2025 settlement agreement, which reinstated three similarly situated formerly long term disabled MDD pilots but excluded Appellant based on a fraudulent pretext, is a **new and discrete act of discrimination and retaliation.** *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (each discrete discriminatory act starts a new clock).

Moreover, the ADA's anti-retaliation provision protects former employees from post-employment adverse actions. This Court has long recognized that a former employee states a viable claim for retaliation when an employer's post-employment

actions - such as providing a negative reference, a refusal to hire or rehire, or, as here, blacklisting an individual from a reinstatement process - harm the former employee's prospects.

> In *Williams v. Montgomery*, this Court held that **"a former employee may bring a suit against his former employer for acts of retaliation … for exercising his Title VII rights."** 742 F.2d 586, 588 (11th Cir. 1984). **This framework applies with equal force to the ADA**. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). [Emphasis Added].

American's 2025 refusal to reinstate Appellant, predicated on a fraudulent settlement, is a classic example of post-termination retaliation against a former employee for engaging in protected activity (filing whistleblower complaints involving American's pilot disability cost savings scheme, EEOC charges of ADA discrimination and retaliation, and federal lawsuits). It is a new, actionable wrong, and Appellant's claims are therefore timely and viable.

## C. American's Reliance on *Stanley* Is Eviscerated by its Own Discriminatory Actions.

American's argument that Appellant is not a "qualified individual" under the ADA rests on its flawed analogy to the retiree plaintiff in *Stanley*. (Appellee Br. at 33-38). This fails for two dispositive reasons.

**First,** unlike the plaintiff in *Stanley* who "neither held nor desired to hold an employment position," Appellant has consistently and actively sought reinstatement through American's RTW process. The very existence of his individual Grievance

9

12-011, a grievance alleging both CBA and ADA violations, is protected activity and undeniable proof that Appellant "desires" employment. 42 U.S.C. § 12111(8) American's with Disabilities Act ("ADA"); *see also Batuyong v. Gates*, 337 F. App'x 451, 456 (6th Cir. 2009) (**grievances can be Title VII protected activity if they are related to employment discrimination**). [Empasis added].

**Second,** American's argument is fatally contradicted by its own actions. By creating a reinstatement process for the other "Identified Individuals" who were similarly "on inactive status, unpaid sick, or disability for more than five years, were removed from the pilot seniority list and separated from employment with the Company," before American's bankruptcy pre-petition date, (ASA at 2, ¶ 1); American judicially admitted that a return-to-work path existed and that these individuals were qualified candidates, and not barred by the bankruptcy injunction.

American's argument that Appellant - who was equally qualified and actively seeking reinstatement - is somehow disqualified is legally incoherent. The only material distinction between Appellant and the reinstated pilots is that Appellant engaged in protected activity by filing EEOC charges and federal lawsuits against American and its pilots' union, the APA. (Op. Br. at 6, n.2). Proving American's reliance on *Stanley* was disingenuous.

**D. Appellant's ADA Claims Are Not Preempted by the Railway Labor Act.**

10

American argues that Appellant's claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §151 et. seq., because they require interpretation of the CBA. (Appellee Br. at 40-42). This argument misapprehends the controlling law. The Supreme Court in *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994), established that while claims that are "substantially dependent" on an analysis of a CBA are preempted, claims that allege violations of independent federal statutory rights are not. Id. at 266.

This Circuit, applying *Hawaiian*, has been clear that preemption is a narrow exception. Citing *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046 (11th Cir. 1996), American argues for preemption but omits the Eleventh Circuit's crucial caution: "The fact that reference to a CBA may be required, particularly where factual issues are involved, is insufficient of itself to preempt...; only where interpretation of a CBA is required will the claim be preempted." *Id.* at 1050 (citation omitted).

Appellant's claims fall squarely into the non-preempted category. He alleges disparate treatment and retaliation in violation of the ADA - rights that are created by federal statute, not by the CBA. Here, the CBA and the grievances are referenced not to interpret disputed contractual rights, but as factual evidence of American's discriminatory conduct, its pretextual reasoning, and its retaliatory motive. As the Seventh Circuit clarified in *Brown v. Illinois Central R.R. Co.*, a disparate treatment or retaliation claim is not preempted where the CBA is merely consulted for context.

11

254 F.3d 654, 668 (7th Cir. 2001). Because Appellant's claims are not "substantially dependent" on interpreting the CBA, they are not preempted. See *Hawaiian Airlines,* 512 U.S. at 266.

In sum, this Court has long held that a plaintiff can establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). Here, **American's explanation for excluding Appellant - that his individual "grievance 12-011" was "disposed of and closed ... in 2013" - is not merely "unworthy of credence"; it is a proven falsehood based on the appellate record.**

The pretext is manifest.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court reverse the district court's judgment of dismissal and remand this case for proceedings on the merits.

Respectfully submitted,

Dated: March 30, 2026

12

**Lawrence M. Meadows**
*Pro Se* Appellant
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Eleventh Circuit Rule 27-4, I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 2,723 words, excluding the parts of the motion exempted by Rule 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated this 30th day of March 2026,

**Lawrence M. Meadows**
*Pro Se* Appellant
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant, hereby certify,** that on

March 30, 2026, a true and correct copy of the foregoing was filed via Federal

Express with the Eleventh Circuit Clerk, and also served via Federal Express upon

counsel of record in the Service List below.

Signature of Filer

## SERVICE LIST

**Mark W. Robertson**
O'Melveny & Myers, LLP
1301 Avenue of the Americas Suite 1700
New York, NY 10019
212-326-4329
Email: mrobertson@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly S. Wood**
O'Melveny & Myers, LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
949-823-6900
Email: kwood@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Zarrow**
O'Melveny & Myers, LLP
400 S HOPE ST FL 19

15

LOS ANGELES, CA 90071
Firm: 213-430-6000
jzarrow@omm.com
*ATTORNEY TO BE NOTICED*

**Ryan K. Stumphauzer**
**Matthew M. DellaBetta**
**Timothy A. Kolaya**
Stumphauzer, Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
2 South Biscayne Boulevard
Ste 1600
Miami, FL 33131
305-614-1413
Email: mdellabetta@sknlaw.com
*ATTORNEY TO BE NOTICED*

**Counsel for Appellee - American Airlines. Inc.**



Envelope

Recycle me.

ORIGIN ID:MPBA (516) 982-7718
LAWRENCE MEADOWS

1900 SUNSET HARBOUR DR 2112

MIAMI BEACH, FL 33139
UNITED STATES US

SHIP DATE: 30MAR26
ACTWGT: 0.95 LB
CAD: 6570517/ROSA2710

TO US COURT OF APPEALS 11TH CIR.
ATTN: CLERK OF COURT
56 FORSYTH STREET NORTHWEST

ATLANTA GA 30303
(404) 335-6100    REF:
INV:
PO:    DEPT:

FedEx
Express

E



TRK# 8701 3445 6058
0201

WED — 01 APR 10:30A
MORNING 2DAY

SP QFEA

30303
GA-US   ATL

529-2008

