# Case No. 25-10297-DD

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT



**Lawrence Meadows**

*Plaintiff-Appellant*

v.

**American Airlines, Inc.**

*Defendant-Appellee*

**Appeal from the United States District Court
for the Southern District of Florida**

**Case No. 1:24-cv-20518-DPG**

## APPELLANT'S REPLY IN SUPPORT OF MOTON FOR SANCTIONS

Dated: April 29th, 2026

Lawrence M. Meadows
1900 Sunset Harbour Dr., 2112
Miami Beach, FL33139
Phone: 516-982-7718
lawrencemeadows@yahoo.com

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, Lawrence M. Meadows ("Meadows"), pursuant to Eleventh Circuit Rule 26.1-1, submits this Certificate of Interested Persons and Corporate Disclosure Statement. The following parties have an interest in the outcome of this case or appeal:

1. American Airlines, Inc. (Appellee);

2. American Airlines Group Inc. (corporate parent of Appellee);

3. DellaBetta, Matthew M. (Appellee's counsel);

4. Gayles, Hon. Darrin P. (United States District Judge);

5. Goodman, Hon. Jonathan (United States Magistrate Judge);

6. Kolaya, Timothy A. (Appellee's counsel);

7. Meadows, Lawrence (pro se Appellant);

8. O'Melveny & Myers LLP (Appellee's counsel's firm);

9. Robertson, Mark W. (Appellee's counsel);

10. Stumphauzer Kolaya Nadler & Sloman, PLLC (Appellee's counsel's firm);

11. Stumphauzer, Ryan K. (Appellee's counsel);

12. Wood, Kelly S. (Appellee's counsel); and

13. Zarrow, Jason (Appellee's counsel).

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned

C1 of C2

certifies that he is a natural person and not a corporation.

**Lawrence M. Meadows**
*Pro Se* Appellant

## APPELLANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS

## PRELIMINARY MATTER: APPELLEE'S
## PROCEDURALLY IMPROPER REQUEST FOR SANCTIONS

As a preliminary matter, the Court should summarily disregard American's request for attorneys' fees (Opp. at 18), which is predicated on the baseless accusation that Plaintiff-Appellant Meadows is the party acting in bad faith (Opp. at 19). This is a procedurally improper attempt to seek sanctions. Federal Rule of Civil Procedure 11(c)(2) requires that a motion for sanctions "must be made separately from any other motion" and must be served on the opposing party 21 days before filing to provide a "safe harbor" period. American has not complied with these mandatory requirements. Their request is jurisdictionally defective and must be denied.

## ARGUMENT

Appellee American Airlines, Inc. ("American") and its counsel ask this Court to excuse their material misrepresentation by claiming they had a "good-faith basis" to believe Grievance 12-011 was closed in 2013. This defense rests on a single, out-of-context email while ignoring a decade of contrary judicial orders and, most damningly, American's own judicial admissions. Defendant- Appellee Americans opposition is not a defense; it is a continuation of the very misconduct the sanctions motion seeks to address.

## I. American's Defenses Fail as a Matter of Law and Logic.

1

American's opposition is built on two legally bankrupt arguments: that Appellant should have protected the airline from its own fraud, and that Appellant is the one multiplying the proceedings.

First, American's argument that Appellant should have opposed its Motion to Supplement (Opp. at 17) is a stunning attempt to shift the blame for Appellee American's own misconduct. There is no duty for a litigant to prevent his opponent from committing a fraud on the court. The obligation under Rule 11 rests exclusively with the filing party to ensure his submissions are factually accurate. Appellee's attorneys cannot absolve themselves of their manifest violation of their duty of candor by blaming their opponent for not catching their misrepresentation sooner.

Second, American's claim that this Motion, rather than its own fraudulent filing, "multiplied the proceedings" (Opp. at 17) defies logic. American initiated this collateral dispute the moment it filed a motion to supplement the record with the Settlement Agreement containing a material falsehood. As a litigant, Appellant has a duty to bring such conduct to the Court's attention, as a fraud on the court is a "wrong against the institutions set up to protect and safeguard the public." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). This Motion is not a multiplication of the proceedings; it is the necessary remedy for the fraud that Appellee's counsel injected into this case.

## II. American's "Good-Faith" Defense Is Based on a Disingenuous Reading of Its Own Exhibit.

2

First, the entirety of Appellee-American's "good-faith" defense rests on a disingenuous reading of a 2014 email from Appellant dated January 17, 2014. Appellee claims this email shows Appellant acknowledged that grievance 12-011 was closed. This is a gross mischaracterization – taken out of context. A plain and full reading of their own exhibit proves the opposite. In the email, Appellant actually states, "**I understand grievance12-011 is closed, but I still have legal remedies that flow from it.**" (Opp. At 26, Ex. 1, ¶ 2). This is not an admission; it is a clear recitation of the union's then-hostile position, which Appellant was preparing to challenge. The very same email confirms Appellant's intent to continue his effort to enforce his grievance rights through the legal process. American cannot credibly claim a "good-faith belief" a grievance was closed based on an email where the grievant explicitly states his intent to pursue legal remedies move it to arbitration.

Second, on September 16, 2014 - a full year after American's counsel now claims they believed Appellant's grievance 12-011 was "disposed of and closed in…2013" (Opp. At 3) - American's counsel filed a pleading in the U.S. District Court for the District of Utah explicitly agreeing to arbitrate grievance 12-011. In that filing, American stated:

> **American has informed Meadows and the APA that it will comply with any agreement of the parties to submit the grievances to a System Board hearing…**(Pleading, *Meadows v. Allied Pilots Ass'n*, No. 2:14-cv-00115 (D. Utah), ECF No. 31, at 3) [emphasis added] (Attached hereto as **Exhibit 1**).

3

This is a binding judicial admission. American cannot, in a 2014 federal court filing, agree to arbitrate Grievance 12-011, while telling this Court in its opposition (Opp. At 3) and its Motion to Supplement the Record with the Settlement Agreement that it was "disposed of and closed…in 2013" (ECF 30 at 12, ¶ 2).

## III. The Record Contains a Cascading Chain of Evidence That Destroys American's "Good-Faith" Defense.

Appellee-American's opposition cherry-picks a single email from January 2014 – to disengenuously assert Grievance 12-011 was "closed…in 2013" - while ignoring the mountain of contrary evidence detailed in the Motion for Sanctions. This evidence demonstrates an unbroken cascading chain of court orders, admissions, and even the corroboration from APA's own President, proving Grievance 12-011 remained open, active, and awaiting arbitration:

- **The 2014 Order:** On September 5, 2014 - a year after the grievance was supposedly "closed" - the Honorable Sean H. Lane of the U.S. Bankruptcy Court for the Southern District of New York issued an order stating Appellant "**shall be permitted to arbitrate Grievance 12-011.**" (ECF No. 48, Ex. B).

- **The 2014 Admission:** On September 16, 2014, just nine days after Judge Lane's order, American's own counsel admitted in a filing in the U.S. District Court for the District of Utah that American "**will comply with any agreement of the parties to submit the grievances to a System Board hearing.**" (Pleading,

4

*Meadows v. Allied Pilots Ass'n*, No. 2:14-cv-00115 (D. Utah), ECF No. 31, at 3) (Attached hereto as **Exhibit 1**).

**The 2021 Order:** On November 8, 2021, Judge Lane again explicitly preserved the grievance, stating the stipulation "**does not affect Grievance No. 12-011.**" (ECF No. 48, Ex. C).

**The 2022 Admission:** In a 2022 proceeding before the Second Circuit, American's counsel again confirmed on the record that "**the process of fully litigating Grievance 12-011 … is unaffected by debtors' objection…[and] is on a separate track.**" (ECF No. 48, ¶ 6).

**The 2024 Corroboration:** Finally, the sworn declaration of former APA President, Captain Edward Sicher, confirms he directed Grievance 12-011 to be moved forward for arbitration in June 2024 and that it was "**still open active, and in the queue for an arbitration hearing**" as of October 7, 2024. (ECF No. 48, Ex. D, ¶ 27). Specifically, on January 28, 2026, Captain Sicher attested;

> Furthermore, on or about June 13, 2024, I directed the APA Director of Grievances, Tricia Kennedy, to move FO Meadows' individual Grievance 12-011 forward and schedule it for an arbitration hearing. To my knowledge, that grievance was still open, active, and in the queue for an arbitration hearing at least until I left office on October 7, 2024.

*Id.*

Any claim that counsel had a good-faith belief the grievance was "closed" in 2013 - in the face of this overwhelming decade long record evidence to the contrary

5

– is simply not credible. Particularly considering that Appellant's lead counsel, Mark Robertson, has been continuously involved in American's bankruptcy proceedings and associated litigation involving Appellant's Grievances since January 2015.

Moreover, American's reliance on the fact that Captain Sicher's successor, Nick Silva, later reverted to the false narrative that "grievance 12-011 was closed in 2013" (Opp. at 10) is not a defense - it is a confession of the collusive scheme. It does not retroactively justify a decade-old lie.

## V. American's Reliance on Nick Silva's Subsequent Conduct Is a Confession of the Collusive Scheme, Not a Defense.

In a desperate attempt to justify their misrepresentation, Apellee-American highlights paragraph 30 of Captain Sicher's declaration to argue that even he "admits" his successor, Nick Silva, now deems the grievance closed. (Opp. at 10). To the contrary, Captain Sicher attested Silva "falsely claimed" grievance 12-011 was closed, specifically:

> "I have since learned that on January 15. 2025, the new APA President **FO Silva executed à settlement that finalized the exclusion of FO <u>Meadows and falsely claimed that his individual Grievance 12-011, the very same grievance I had ordered to arbitration months earlier, was now being declared "closed since 2013."</u>**

(Sicher Decl., ECF 48, Ex. D, ¶ 30) [Emphasis Added].

This argument is a stunning confession of the very collusive scheme Appellant has alleged, not a defense to counsel's fraud. It fails for two dispositive reasons.

6

First, it conflates two separate time periods to create a false equivalency. The core issue of the Motion for Sanctions is whether American's counsel lied to this Court by claiming that a 2025 Settlement Agreement – which successfully obtained the reinstatement of three pilots on the strength of the grievance - confirmed that Grievance 12-011 was "disposed of and closed...in 2013." The fact that a new, company-compliant union president reverted to this false narrative in the January 2025 Settlement Agreement - after former APA Presidnet, Captain Sicher, who was actively prosecuting the grievance 12-011, was summarily removed from office after refusing to sign the Settlement Agreement - does not retroactively make the 2013 statement true. It is a classic "fruit of the poisonous tree" argument that asks this Court to ignore the initial fraud.

Second, it ignores the substance of Captain Sicher's sworn testimony. The central and damning point of Captain Sicher's declaration is that, as of October 7, 2024, Grievance 12-011 was active, open, and awaiting arbitration. (ECF No. 48, Ex. D, ¶ 27). What his successor, Nick Silva, did after President Sicher was removed is not evidence that American had a good-faith belief in the grievance was closed in 2013; rather, it is evidence of the continuing breach of the duty of fair representation, which culminated in the 2025 agreement to finalize the collusive scheme.

American's argument is effectively this: "Our statement that the grievance was closed in 2013 is credible because, after the union president who was actively

7

pursuing the grievance was removed from office, his successor agreed with our false premise." This is not a defense - it is an admission of the conspiracy.

## IV. This Court Possesses Broad Authority to Sanction Appellant's Counsel's Bad-Faith Conduct.

Appellee-American's conduct constitutes a fraud on the court and is sanctionable under multiple sources of authority. Counsel had a duty under Rule 11 to conduct a reasonable inquiry before proffering the settlement agreement to this Court. A reasonable inquiry would have included reviewing their own prior court filings. Their failure to do so, or their decision to ignore what those filings plainly stated, is the definition of reckless and sanctionable conduct. Appellee's opposition brief, which continues to ignore these dispositive facts, only compounds the initial violation. Rule 11 sanctions are warranted when a filing contains factual contentions lacking evidentiary support after a reasonable inquiry. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

Here, American's counsel's representation had no reasonable factual basis. Furthermore, this Court has inherent authority to sanction conduct that abuses the judicial process. *Trump v. Clinton*, 161 F.4th 671, 688 (11th Cir. 2025). While American argues that the applicable standard is bad faith, its conduct here meets that high standard. "A finding of bad faith is warranted where an attorney or a client knowingly or recklessly raises a frivolous argument, or argues a meritorious claim

8

for the purpose of harassing an opponent." *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001).

Knowingly or recklessly submitting a court filing containing a material falsehood - a falsehood contradicted by a decade of federal court orders involving Appellant's counsel - is the very definition of bad-faith conduct.

## CONCLUSION

In closing, Appellee American's Opposition fails to account for the mountain of record evidence proving its counsel's misrepresentation to this Court. Their defense rests on a single, out-of-context email, while ignoring a decade their own judicial contrary admissions and federal court orders. This is not a good-faith error; it is a continuation of the bad-faith conduct that necessitated this motion, and amounts to a fraud on the court.

Because this conduct has vexatiously multiplied these proceedings and subverted the integrity of this Court, Appellant respectfully requests that the Motion for Sanctions be granted in its entirety, and this honorable Court grant any other relief it deems just and proper. Additionally, American's improper attempt for a cross-motion for sanctions should be denied.

Respectfully submitted,

Dated this 29th day of April 2026,

9

**Lawrence M. Meadows**
*Pro Se* Appellant
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Eleventh Circuit Rule 27-4, I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 9-pages consisting of 2,063 words, excluding the parts of the motion exempted by Rule 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated this 29th day of March 2026,

**Lawrence M. Meadows**
*Pro Se* Appellant
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant, hereby certify,** that on April 29, 2026, a true and correct copy of the foregoing was served via Email and Federal Express upon all counsel of record at the firm addresses listed on the Service List below, pursuant to Fed. R. Civ. P. 11(c)(2).

Lawrence m Meadows

## SERVICE LIST

**Mark W. Robertson**
O'Melveny & Myers, LLP
1301 Avenue of the Americas Suite 1700
New York, NY 10019
212-326-4329
Email: mrobertson@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly S. Wood**
O'Melveny & Myers, LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
949-823-6900
Email: kwood@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Zarrow**
O'Melveny & Myers, LLP
400 S HOPE ST FL 19
LOS ANGELES, CA 90071
Firm: 213-430-6000
jzarrow@omm.com
*ATTORNEY TO BE NOTICED*

**Ryan K. Stumphauzer**
**Matthew M. DellaBetta**
**Timothy Kolaya**
Stumphauzer, Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
2 South Biscayne Boulevard
Ste 1600
Miami, FL 33131
305-614-1413
Email: mdellabetta@sknlaw.com
*ATTORNEY TO BE NOTICED*

**Counsel for Appellee - American Airlines. Inc.**

**Exhibits:**

**1.** Defendant American Airlines, Inc.'s Reply in Support of its Motion to Dismiss, *Meadows v. Allied Pilots Ass'n*, No. 2:14-cv-00115 (D. Utah Sept. 16, 2014), ECF No. 31.

# EXHIBIT 1

James M. Barrett, Utah State Bar No. 11983
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: (503) 552.2140
james.barrett@ogletreedeakins.com

Todd C. Duffield
Georgia Bar No. 141905
  Admitted *Pro Hac Vice*
Todd.duffield@ogletreedeakins.com
Kathleen E. Kubis
Georgia Bar No. 744783
  Admitted *Pro Hac Vice*
kathleen.kubis@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732

Attorneys for Defendant American Airlines, Inc.

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE M. MEADOWS,<br><br>Plaintiff,<br>v.<br><br>**ALLIED PILOTS ASSOCIATION and AMERICAN AIRLINES, INC.**<br><br>Defendants. | Case No.: 2:14-CV-00115-DS<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Fed. R. Civ. P. 12(b))<br><br>Judge David Sam |

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and local rule DUCivR 7-1(b), Defendant American Airlines, Inc. ("American") respectfully files this reply to Plaintiff Lawrence M. Meadows' ("Plaintiff" or "Meadows") Opposition to American's Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

## AMERICAN'S BRIEF IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Meadows served American with the initial Verified Complaint on June 16, 2014, and he filed his first Amended Verified Complaint on July 22, 2014. (Ct. Doc. Nos. 1 and 21.) In response, American filed Motions to Dismiss both the Verified Complaint and the Amended Complaint, because Meadows failed to state a plausible claim against American. (Ct. Doc. Nos. 8 and 24.)

More specifically, the Amended Complaint, like the initial Verified Complaint, is devoid of any allegation that Meadows or the Allied Pilots Association ("APA") requested that American present the grievances to the System Board of Adjustment ("System Board") pursuant to the parties' collective bargaining agreement ("CBA") or that American has refused to afford Meadows or the APA access to the System Board for Meadows' grievances. The lack of any viable claim against American in the initial Verified Complaint or the Amended Complaint prompted American to file its Motions to Dismiss.

Recognizing the fallacy of his claim against American, subsequent to filing the Amended Complaint, Meadows submitted a request directly to American to process his grievances individually, without the involvement or the consent of the APA. (*See* Ct. Doc. No. 25, *available at* https://ecf.utd.uscourts.gov/doc1/18303140928.) At this juncture, however, the APA has argued that Meadows has no individual right to process his grievances and that

Meadows delegated grievance processing authority to the APA under the APA's Constitution and Bylaws. (Ct. Doc. No. 23 at 11-12, *available at* https://ecf.utd.uscourts.gov/doc1/18303118953.) Therefore, whether Meadows has an individual right to arbitrate his grievances before a System Board, or whether he has given that authority to the APA as his union representative will be resolved by the Court.

American has informed Meadows and the APA that it will comply with any agreement of the parties to submit the grievances to a System Board hearing or, if no agreement can be reached between Meadows and APA, with any order of this Court.

## CONCLUSION

For the reasons set forth above and in American's Motion to Dismiss Plaintiff's First Amended Complaint, American respectfully requests that the First Amended Complaint be dismissed as to American pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 16th day of September, 2014.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: /s/ Todd C. Duffield

James M. Barrett
Utah State Bar No. 11983
james.barrett@ogletreedeakins.com
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: (503) 552.2140
Facsimile: (503) 224-4518

Todd C. Duffield (Admitted *Pro Hac Vice*)
Georgia Bar No. 141905
Todd.duffield@ogletreedeakins.com

Kathleen E. Kubis (Admitted *Pro Hac Vice*)
Georgia Bar No. 744783
kathleen.kubis@ogletreedeakins.com
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732

*Counsel for Defendant American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below, I electronically transmitted the foregoing **DEFENDANT AMERICAN AIRLINES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to the Clerk's Office using the CM/ECF Systems for filing, causing a Notice of Electronic Filing to be sent to the following CM/ECF registrants:

Arthur F. Sandack
8 E Broadway, Suite 411
Salt Lake City, UT 84111
asandack@msn.com

Steven K. Hoffman
James & Hoffman, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
skhoffman@jamhoff.com

Of Attorneys for Defendant Allied Pilots Association

I further certify that I served the following non-CM/ECF participant by email and United States First Class Mail, postage prepaid:

Lawrence Meadows
P.O. Box 4344
Park City, UT 84060
lawrencemeadows@yahoo.com
*Pro Se* Plaintiff

Dated: September 16, 2014.

/s/ Todd C. Duffield
Todd C. Duffield (Admitted *Pro Hac Vice*)
todd.duffield@ogletreedeakins.com

18937169
037394-000010



Recycle me.

ORIGIN ID:MBAA     5/180282-77     24 of 24     29APR26
LAWRENCE MEADOWS                    ACTWGT: 0.35 LB
1900 SUNSET HARBOUR DR 2112        CAD: 6570517/ROSA2710
MIAMI BEACH, FL 33139
UNITED STATES US

TO  **11TH CIR. U.S. COURT OF APPEALS**
    **ATTN: CLERK—CASE#25—10297**
    **56 FORSYTH ST NW**

    **ATLANTA GA 30303**
    (404) 335—6100              REF:
    INV:
    PO:                         DEPT:

FedEx
Express

**E**

REL#
3785346

TRK#  **8712 3029 3360**      THU — 30 APR 10:30A
0201                          **PRIORITY OVERNIGHT**

**XG QFEA**                    **30303**
                              GA-US   **ATL**

4314 THU 04/30 08:13
56 FORSYTH ST NW
PRIORITY OVERNIGHT          30303-2218-56
529-3015                    ATLANTA,GA
ETP 11    SP:PD:100:Y